IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:17-CR-00041-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| SHEA DAVID BYRD, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and appointment of counsel. (Doc. No. 44). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner - Medium[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he suffers from back pain due to a work-related accident over 20 years ago and received treatment from 2015 to 2017 for a broken leg and ankle. He states that he has constant back and neck pain and has numbness in his legs. (Doc. No. 23, ¶ 81). In his motion, Defendant states that he suffers from hypothyroidism, vitamin B

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner - Medium currently has no inmates and no staff with confirmed active cases of COVID-19. There has been 11 inmate deaths and no staff deaths, while 152 inmates have recovered and 164 staff have recovered. Additionally, at the FCI Butner complex, 1,152 staff have been fully inoculated and 3,368 inmates have been fully inoculated.

deficiency, hyperlipidemia, gastro-esophageal reflux, and obesity. He further claims to have long haul COVID syndrome. (Doc. No. 44 at 3). Defendant's BOP medical records confirm that he contracted COVID-19 on or about June 4, 2020 and recovered from the disease on or about July 24, 2020. (Doc. No. 48 at 112). On October 6, 2020, he stated to the medical staff that since having COVID-19 his breathing has been effective. *Id.* at 84. Additionally, on February 22, 2021, Defendant denied having any symptoms of COVID-19. *Id.* at 81. Medical records, over 180 pages, submitted by the Government with their response show that his medical issues are being treated and medications are being provided on a consistent basis. (Doc. No. 48).

The Government reports Defendant is vaccinated against COVID-19 as he received the first dose of the Pfizer COVID-19 vaccine on April 9, 2021, and the second dose on April 30, 2021. (Doc. No. 47 at 5, referencing Doc. No. 48, at 115). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. Defendant recovered from COVID-19, tested negative many times thereafter and has received two doses of the Pfizer vaccine. Accordingly, upon review of Defendant's 184 pages of medical records, the Court finds no extraordinary and compelling reason for Defendant's release.

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205

F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings). Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel, (Doc. No. 44), is **DENIED**.

**SO ORDERED.**

Signed: March 30, 2022

Kenneth D. Bell
United States District Judge